|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |

| | |
|---|---|
| Estate of Glenn Clough, by and through its Special Co-Administrators, Penny Foley and Sharon Nagel; Penny Foley, an individual; and Sharon Nagel, an individual, <br><br> Plaintiffs <br><br> v. <br><br> THI of Nevada at Las Vegas I, a Delaware Corporation dba Harmon Medical and Rehabilitation Center, <br><br> Defendant | 2:17-cv-00273-JAD-VCF <br><br> **Remand Order** <br><br> [ECF Nos. 10, 12] |

This case finds its way to federal court during the post-judgment collection phase. It began as a state-law elder-abuse and professional-negligence case after 79-year-old Glenn Clough passed away at the Harmon Medical and Rehabilitation Center.[1] The parties agreed to a binding arbitration[2]; the three-arbitrator panel found in favor of the plaintiffs[3]; and the state court entered judgment in late 2016.[4] After plaintiffs moved for an order directing that Harmon's rights to receive Medicare payments be assigned to them to satisfy the judgment,[5] Harmon removed the case to federal court under 28 U.S.C. § 1442(a)(2), "the seldom-invoked federal-title-dispute removal provision."[6]

---

[1] ECF No. 12-3. The Harmon facility is run by THI of Nevada at Las Vegas I, LLC. I refer to THI of Nevada at Las Vegas I as "Harmon."

[2] ECF No. 12-5.

[3] ECF No. 12-7.

[4] ECF No. 12-8.

[5] ECF No. 1 at 34.

[6] *Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 586 Fed. App'x 604, 608 (2d Cir. 2014); ECF No. 1.

Plaintiffs move for remand. Because this case does not qualify for removal under § 1442(a)(2), I grant the motion and remand this case back to state court.

## Discussion

**A.   Removal was improper.**

Most actions come to federal court under 28 U.S.C. § 1441. But 28 U.S.C. § 1442 provides an additional avenue for federal jurisdiction. "Section 1442(a) is commonly known as the federal officer removal statute and normally authorizes removal by federal officers sued in state court. Section 1442(a)(2) expands the circumstances in which removal is authorized to allow owners of federally-derived property rights to remove a cause of action to federal court—even where a federal officer is not a defendant—if the action 'affects the validity of any law of the United States.'"[7] To remove under this provision: (1) the action must begin in state court; (2) the action must "be against or directed to the holder of a property right"; (3) that property right must "be derived from a federal officer"; and (4) the action must "'affect' the validity of a federal law."[8]

Even if I assume that the first three requirements are met, this case fails the fourth prong of the test for federal-officer removal. The plaintiffs' complaint in this case did not challenge the validity of a federal law. The plaintiffs raised two purely state-law theories: (1) elder neglect under Nevada Revised Statute (NRS) 41.1395 and (2) professional negligence under NRS Chapter 41A.[9] The case remained constrained to those state-law issues through the arbitration and judgment.[10]

Federal law did not come into play until the collection phase of this case when the plaintiffs moved for an order assigning them Harmon's rights to Medicare payments on claims owned by Noridian, a Medicare and Medicaid payment intermediary.[11] The plaintiffs argued that the state court

---

[7] *Vermont v. MPHJ Tech. Invest., LLC*, 803 F.3d 635 (Fed. Cir. 2015) (quoting 28 USC § 1442(a)(2)).

[8] *Id*.

[9] ECF No. 12-4 at 6 (Complaint).

[10] ECF Nos. 12-7 at 5–6, 12-8.

[11] ECF No. 12-3 at 3.

could order the assignment under Title 42 of the Code of Federal Regulations Public Health.[12] Harmon responded by vehemently disputing the assignability of Medicare payments and adding that "Federal law . . . categorically bars Noridian from remitting Harmon['s] Medicare payments to Plaintiffs or anyone else other than Harmon"[13] and that even Nevada state law bars the assignment.[14]

Harmon contends that its removal right under § 1442(a)(2) was triggered when the plaintiffs filed their reply in support of their motion for assignment.[15] It claims that plaintiffs "challenged the Medicare Act" in that reply when they "argued they 'do not need [Harmon's] assent to the assignment'" and that they only need "the court [to] issue an Order assigning" the rights.[16] And Harmon notes that the plaintiffs argued that the requirements of 42 CFR § 424 do not apply.[17]

But merely invoking federal law or arguing about its application is not enough to trigger § 1442(a)(2). The action must "attack the validity" of a federal law itself. Thus, for example, in *Town of Stratford v. City of Bridgeport*,[18] the court found that removal jurisdiction under § 1442(a)(2) was lacking in a dispute over the compensation that Bridgeport owed Stratford for the taking of sewer easements. Although the case involved land whose title was derived from the United States, it involved no "challenge to the validity of a law of the United States."[19] The district court found that failure "fatal."[20]

Removal failed for the same reason in *Veneruso v. Mount Vernon Neighborhood Health*

---

[12] *Id*.

[13] ECF No. 12-2 at 5.

[14] *Id*. at 7.

[15] ECF No. 5 at ¶¶ 28–30; ECF No. 16 at 15.

[16] ECF No. 5 at ¶ 28.

[17] *Id*. at ¶ 29.

[18] *Town of Stratford v. City of Bridgeport*, 434 F. Supp. 712 (D. Conn. 1977).

[19] *Id*. at 715.

[20] *Id*.

*Center*. The receiver of a dissolved health-plan company that had been operating with Medicaid-program approval sued its joint-venture partner to recoup nearly a million dollars in distributions, arguing that they violated New York state law.[21] The defendant removed, invoking § 1442(a)(2) because "it derived title to the funds from a federal officer."[22] The district court granted the receiver's motion to remand, and the Second Circuit affirmed, reasoning "the Receiver's suit plainly does not challenge the validity of any federal law. Instead, the Receiver merely contends that the various federal statutes and regulations [the defendant] has identified do not provide a defense to the Receiver's claims that the Surplus Distributions violated New York law."[23]

The plaintiffs' arguments in the assignment briefing challenged only *the applicability* of federal law; they did not challenge "*the validity* of any law of the United States" as § 1442(a)(2) requires.[24] This is not a case in which the plaintiffs are arguing that the Medicare Act—or some other federal law— is constitutionally infirm. The parties merely disagreed over the application of various laws and whether they conferred on the plaintiffs the right to receive assignment of Harmon's Medicare payments; the plaintiffs did not "challenge[] the Medicare Act" as Harmon contends. Because this action in no way affects the validity of any federal law, Harmon improperly relied on § 1442(a)(2) to remove this case, and remand is required.

**B.      Attorneys Fees and Costs.**

Plaintiffs also request an award of attorney's fees and costs because this removal was "frivolous." Although I do find that Harmon lacked an objectively reasonable basis to remove this case, the plaintiffs have not carried their burden for such an award.

FRCP 54(d)(2) requires a party moving for fees and expenses to "state the amount sought or

---

[21] *Veneruso*, 586 Fed. App'x at 605.

[22] *Id*. at 606.

[23] *Id*. at 608; *see also Santa Cruz County v. Rattlesnake Properties, LLC*, 2017 WL 462407, *4 (N.D. Cal., Feb. 3, 2017) (remanding state-law case by federal-land patent holder, which was removed under § 1442(a)(2), because action did not affect the validity of a federal law).

[24] *See* ECF No. 12-3 at 2 (motion); ECF No. 12-4 at 2 (reply).

provide a fair estimate of it."[25] And Local Rule 54-14 adds that "a motion for attorney's fees must include" "[a] reasonable itemization and description of the work performed," "[a]n itemization of all costs sought to be charged as part of the fee award," an attorney affidavit authenticating the billings, a "brief summary" of "[t]he time and labor required," and nearly a dozen other bits of information that the plaintiffs omitted. The local rule states that "Failure to provide" this information "in a motion for attorney's fees may be deemed a consent to" its denial.[26] Because the plaintiffs' request for attorney's fees lacks much of the content required by FRCP 54 and LR 54-14, I deem their failure to provide that information a consent to deny it, and I do so.

**Conclusion**

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiffs' Motion to Remand **[ECF No. 12] is GRANTED, and this case is remanded back to Nevada's Eighth Judicial District Court, Case No. A-13-679673-C.** Plaintiffs' attendant request for attorney's fees, however, is denied.

IT IS FURTHER ORDERED that the Defendant's Motion to Alter or Amend the Amended Judgment **[ECF No. 10] is DENIED** as moot and without prejudice to its refiling in state court.

The Clerk of Court is directed to CLOSE THIS CASE.

Dated this 16th day of August, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[25] Fed. R. Civ. P. 54(d)(2)(B)(iii).

[26] L.R. 54-14(d).