# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Estate of Glenn Clough, by and through its Special Co-Administrators, Penny Foley and Sharon Nagel; Penny Foley, an individual, and Sharon Nagel, an individual, | 2:17-cv-00273-JAD-VCF |
| | **Order Denying Emergency Motion to Stay Case Pending Appeal** |
|      Plaintiffs | [ECF No. 24] |
| v. | |
| THI of Nevada at the Las Vegas I, a Delaware Corporation dba Harmon Medical and Rehabilitation Center, | |
|      Defendant | |

Plaintiffs prevailed in binding arbitration on their claims for elder abuse and professional negligence against Harmon Medical and Rehabilitation Center.[1] This case then moved to state court where judgment was entered [2] and the plaintiffs moved for an order directing that Harmon's rights to receive Medicare payments be assigned to them to satisfy the judgment.[3] After plaintiffs filed their motion, Harmon removed this case to federal court under 28 U.S.C. § 1442(a)(2).[4]

Finding that this case did not "affect the validity of a federal law," as it must to qualify for removal under § 1442(a)(2),[5] I granted the plaintiffs' motion to remand and sent it back to state court.[6] Harmon filed notice eight days later that it was appealing my remand decision.[7]

---

[1] ECF Nos. 12-5, 12-7.

[2] ECF Nos. 12-8, 1 at 34.

[3] ECF No. 1 at 34.

[4] ECF No. 1.

[5] *Vermont v. MPHJ Tech. Invest., LLC*, 803 F.3d 635 (Fed. Cir. 2015).

[6] ECF No. 20 at 2–4.

[7] ECF No. 21.

Harmon contends that, in the time between my order and its notice of appeal, the U.S. District Clerk of Court mailed the remand order to the state court, plaintiffs renewed their assignment motion in state court, and plaintiffs obtained an order shortening the time to hear their motion: the hearing is scheduled for September 5, 2017.[8]  Harmon now moves for an order staying this case pending appeal.[9]

"A stay is not a matter of right. . . .  It is instead an exercise of judicial discretion . . . [that] is dependent upon the circumstances of the particular case."[10]  Courts, in deciding whether to stay a case, are "guided by" the "legal principles" of: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits"; (2) "whether the applicant will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties' interest in the proceeding"; and (4) "where the public interest lies."[11]

Even assuming that I do still have jurisdiction over this case, I would deny the motion because the first two factors, which are the "most critical[,]"[12] are not met here.  Harmon has not made a strong showing that it is likely to succeed on the merits because, as I previously found, "plaintiffs' arguments in the assignment briefing challenged only *the applicability* of federal law[,]" but "merely invoking federal law or arguing about its application is not enough to trigger § 1442(a)(2)."[13]  Harmon does not argue that plaintiffs' arguments to the state court have changed, and I am not persuaded by Harmon's argument that its appeal raises "serious legal questions" because the Ninth Circuit has not addressed what § 1442(a)(2)'s "affects the validity

---

[8] ECF No. 24 at 3.

[9] ECF No. 24.

[10] *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (alterations in the original) (quotation marks and quoted reference omitted).

[11] *Id.* (quotation marks and quoted reference omitted).

[12] *Id.* at 1204 (quotation marks and quoted reference omitted).

[13] ECF No. 20 at 3–4.

of any law of the United States" means. Harmon also has not demonstrated that it will be irreparably harmed without a stay. Harmon concludes that garnishment proceedings in the state court could render its appeal moot, but does not explain why that would be so. And, finally, I am not persuaded that a stay would serve the public interest. This arbitration/state-court case was in the judgment-enforcement phase when it was improperly removed, and I cannot conclude that keeping it in limbo would be in the public's interest; it would just reward a baseless removal.

Accordingly,

IT IS HEREBY ORDERED that Harmon's emergency motion to stay pending appeal **[ECF No. 24] is DENIED**.

DATED: September 1, 2017.

_____
U.S. District Judge Jennifer A. Dorsey